# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 13-421V
Filed: July 21, 2014
Not to be Published

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
G.G.M., a Minor, by and Through her       *
Guardian Ad Litem, LORENA MORA,           *
                                          *
                        Petitioner,       *
                                          *
      v.                                  *       Motion to Dismiss
                                          *       in order to sue civilly
SECRETARY OF THE HEALTH                    *
AND HUMAN SERVICES,                        *
                                          *
                        Respondent.       *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

Danny C. Soong, West Covina, CA, for petitioner.
Claudia B. Gangi, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION[1]

On June 25, 2013, petitioner filed a petition under the National Childhood Vaccine Injury Act of 1986 (hereinafter the "Vaccine Act" or the "Act"), 42 U.S.C. §§ 300aa-10-34 (2006), alleging that her daughter G.G.M. had contracted transverse myelitis due to a prior influenza vaccination she received on September 5, 2012.

---

[1] Because this decision gives a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

After a number of telephonic status conferences discussing the case, petitioner made a settlement demand on respondent on March 11, 2014. Each party retained a life care planner and vocational rehabilitation specialist.

On July 11, 2014, respondent made a counteroffer to petitioner.

On July 21, 2014, at the request of petitioner's counsel, the undersigned held a status conference with the parties. Petitioner reviewed respondent's counteroffer and decided that she could receive more compensation in civil court against the vaccine administrator and manufacturer because of the inapplicability of the collateral source rule in the Vaccine Program and the $250,000.00 cap for pain and suffering under the Vaccine Act. Petitioner's counsel stated that petitioner wished to dismiss her case and sue the vaccine administrator and manufacturer civilly. Respondent said she would not appeal the dismissal.[2] Petitioner's motion to dismiss is **GRANTED** and this case is **DISMISSED**.

## DISCUSSION

This is a causation-in-fact case. Rather than proceed through the litigative route, with the filing of expert reports and the holding of a hearing on entitlement, the parties attempted to settle this case. The undersigned is assured that they made a conscientious effort. However, petitioner, as is her right, has moved to dismiss rather than continue in a forum that appears unsatisfactory to petitioner in attaining the amount of compensation that a civil court may provide.

The Vaccine Act permits petitioners to pursue a civil action once judgment has entered on a decision by filing an election to sue civilly under § 300aa-21(a). In order to obtain a judgment in this case, petitioner has moved to dismiss. The undersigned **GRANTS** her motion to dismiss.

## CONCLUSION

Petitioner's petition is **DISMISSED**. In the absence of a motion for review pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

July 21, 2014                                      /s/Laura D. Millman
DATE                                               Laura D. Millman
                                                   Special Master

---

[2] The undersigned interprets both parties' agreement to dismiss as an oral stipulation consonant with Vaccine Rule 21(a)(1)(B).

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice not to seek review.